UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOOD MARKET MERCHANDISING, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> CALIFORNIA MILK PROCESSOR BOARD, <br><br> Defendant. | No. 2:15-cv-01083-DAD-CKD <br><br><br> ORDER |
| CALIFORNIA MILK PROCESSOR BOARD, <br><br> Counterclaimant, <br><br> v. <br><br> FOOD MARKET MERCHANDISING, INC., et al., <br><br> Counterdefendants. | |

Pending before the court is defendant's motion to compel discovery responses and request for attorneys' fees in the amount of $4,075 filed on December 20, 2022. (ECF No. 136.) Plaintiffs filed an opposition on January 3, 2023. (ECF No. 137.) Defendant filed a response on

1

January 13, 2023.  (ECF No. 138.)

The parties appeared for a hearing on defendant's motion on January 25, 2023.  Attorney Howard Sagaser appeared for plaintiffs; attorney Thomas Knox appeared for defendant.  For the reasons outlined below, the court grants defendant's motion to compel and request for attorneys' fees.

I.  Relevant Background

On September 9, 2022, defendant's counsel served the following requests for production:

- Defendant and Counterclaimant's First Set of Requests for Production to Food Market Merchandising, Inc.;
- Defendant and Counterclaimant's First Set of Requests for Production to Jon Tollefson;
- Defendant and Counterclaimant's First Set of Requests for Production to Magic Straws, LLC; and
- Defendant and Counterclaimant's First Set of Requests for Production to Reach Companies, LLC.  (ECF No. 136-1 at 3-5.)

Plaintiffs' responses to defendant's requests for production were initially due on October 10, 2022. (ECF No. 137 at 2.)  On October 7, 2022, plaintiffs requested to extend the production deadline until November 2, 2022.  (Id.)  Defendant agreed.  (Id.)

Plaintiffs failed to produce any documents by the November 2nd production deadline. (ECF No. 136-1 at 3.)  Plaintiffs' counsel did not communicate any reason for the failure to produce documents or acknowledge the lapsed deadline.

On November 14, 2022, twelve days after plaintiffs' production deadline passed, defendant's counsel sent a meet and confer letter to plaintiffs' counsel stating that defendant would seek a motion to compel and sanctions if plaintiffs failed to respond to the discovery requests.  (ECF No. 136-2 at 67-68).  During a phone call the following day, plaintiffs' counsel told defendant's counsel that documents would be produced by December 15, 2022. (ECF No. 137 at 2.)

Plaintiffs failed to produce any documents by the December 15th production deadline.

(ECF No. 137 at 3.)  Plaintiffs' counsel did not attempt to communicate with defendant's counsel prior to the deadline.  On December 20, 2022, five days after the second deadline passed, defendant moved to compel plaintiffs' discovery responses and sought sanctions.  (ECF No. 136.)

On December 26, 2022, plaintiffs' counsel informed defendant's counsel that plaintiffs' counsel had been ill with Covid-19 and unable to be in the office until January 1, 2023.  (ECF No. 137- 2 at 2.)  Plaintiffs' counsel also informed defendant that, due to a miscommunication with prior counsel, plaintiffs' counsel believed documents had already been produced.  (Id. at 2.)

In plaintiffs' response to defendant's motion to compel, plaintiffs indicated their intention to produce discovery responses by the motion hearing on January 25, 2023, and requested that the hearing be struck.  (ECF No. 137 at 3.)  At the January 25th motion hearing, plaintiffs' counsel informed the court that documents had yet to be produced.

II.     Legal Standards

The Federal Rules of Civil Procedure require a responding party to respond to written discovery requests for documents and interrogatories within thirty days of being served.  See Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A).

Under Federal Rule of Civil Procedure 37, "a party seeking discovery may move for an order compelling an answer [or]...production" if "a party fails to answer an interrogatory submitted under Rule 33" or "a party fails to produce documents...under Rule 34."  Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv).  Such a failure is also grounds for the court to order sanctions against the party that has failed to act.  See Fed. R. Civ. P. 37(d)(1)(A)(ii).  The court has the authority to order "the party that failed to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure..." Fed. R. Civ. P. 37(d)(3).

Under Rule 37(a)(5), if the motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," if: (1) the movant attempted in good faith to obtain discovery without court action before filing the motion, (2) the opposing party's nondisclosure, response, or objection is not substantially justified, or (3) other circumstances do

not make an award of expenses unjust.  Fed. R. Civ. P. 37(a)(5).

      III.    Discussion

      Local Rule 251(b) requires the requesting party to meet and confer and file a joint statement prior to filing a motion to compel.  L.R. 251(b).  However, the joint statement requirement does not apply when there has been a complete and total failure to respond to a discovery request or order.  L.R. 251(e)(1).  Plaintiffs' counsel argues that defendant's motion to compel is premature because this situation was not marked by a complete and total failure to respond.  (ECF No. 137 at 3.)  The court disagrees.

      It is undisputed that plaintiffs failed to produce any documents by the November 2, 2022, deadline.  On November 14, 2022, twelve days after plaintiffs missed the first deadline, defendant's counsel attempted to meet and confer prior to filing a motion to compel.  (ECF No. 136-2 at 67-68).  During a phone call, plaintiffs' counsel promised that documents would be produced within thirty days.  (ECF No. 136-2 at 2.)  When defendant filed the motion to compel on December 20, 2022, plaintiffs had missed two discovery deadlines.  Accordingly, defendant properly concluded that plaintiffs completely and totally failed to respond to defendant's discovery requests.  See Elness v. Sangha & Sons, LLC, No. 21-cv-02289-WBS-CKD, 2019 WL 2410715, at *2 (E.D. Cal. June 7, 2019) (responding party's failure to respond was an undisputed "complete and total" where responding party did not respond by the statutory deadline and after the deadline had passed, promised the responses by the end of the week, and still failed to respond).

      Because plaintiffs have failed to produce any responsive documents, the court grants defendant's motion to compel.  Plaintiff shall produce responses to defendant's request for production without objection[1] within thirty days.

      Attorneys' fees

      Under Federal Rule of Civil Procedure 37(a)(5), if the motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct

---

[1] During the hearing, plaintiffs' counsel indicated that documents would be produced without objections.

4

necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," if: (1) the movant attempted in good faith to obtain discovery without court action before filing the motion, (2) the opposing party's nondisclosure, response, or objection is not substantially justified, or (3) other circumstances do not make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5).

Defendant's counsel attempted in good faith to obtain discovery without court action before the motion to compel was filed. Defendant agreed to extend the discovery deadline from October 10, 2022 to November 2, 2022. (ECF No. 137 at 2.) After the November 2nd deadline passed, defendant's counsel sent a meet and confer letter indicating that defendant would file a motion to compel if plaintiffs failed to produce any documents. (ECF No. 136-2 at 67.) When plaintiffs promised to serve responsive documents by December 15, 2022, defendants withheld filing of the motion to compel to allow plaintiffs more time to produce documents. (ECF No. 137 at 2.) Extending the discovery deadline and allowing plaintiffs' counsel another thirty days to produce discovery responses demonstrates defendant's counsel's good faith attempt to obtain discovery without court action.

In addition, the failure to respond is not substantially justified. Plaintiffs assert that the delay was reasonable because plaintiffs' prior counsel was responsible for organizing discovery and there was a miscommunication as to whether discovery responses had already been produced. (ECF No. 137-2 at 2.) However, defendant's meet and confer letter, dated November 14, 2022, clearly indicates that no discovery responses had been received. (ECF No. 136-2 at 67.) Further, as defendant points out, one of the notices of withdrawal filed by the prior attorney was signed on July 26, 2022, before defendant had issued requests for production. (ECF No. 138 at 6.)

Similarly, the malware attack on Reach companies and plaintiffs' counsel's Covid-19 diagnosis in December 2022 are not substantial justifications for plaintiffs' failure to respond. Plaintiffs do not explain how or why the malware attack impacted hindered compliance with production deadlines, especially given the fact that the malware attack occurred prior to defendant's discovery requests. (ECF No. 137-2 at ¶¶ 4-7.) Further, plaintiffs do not explain why an illness in December 2022 prevented plaintiffs from producing any documents in the more

than five-month period since requests for production were issued.

Accordingly, given defendant's good faith effort to resolve this discovery dispute without court action and plaintiffs' lack of substantial justification, the court grants defendant's motion to compel and orders plaintiffs to pay defendant's attorneys' fees.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to compel discovery responses and request for attorneys' fees (ECF No. 136) is GRANTED;
2. Within thirty (30) days of this order, plaintiffs shall serve responses to defendant's requests for production of documents without objection; and
3. Within thirty (30) days of this order, attorneys' fees in the amount of $4,075 shall be paid to defendant's counsel.

Dated: January 27, 2023

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

21,food.1083